**Dolly I. PALMER, Appellant,**

v.

**Betty Irene EVANS, Daniel W. Strader and Mary Strader, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 25, 1999.

Filed July 27, 1999.

Reargument Denied Oct. 4, 1999.

Mark E. Milsop, Pittsburgh, for appellant.

David K. Harouse, Pittsburgh, for appellees.

Before MUSMANNO, ORIE MELVIN and TAMILIA, JJ.

MUSMANNO, J.:

¶ 1 Appellant Dolly I. Palmer ("Palmer") appeals from a judgment entered in her favor and against Appellees Betty Irene Evans, Daniel W. Strader, and Mary Strader in this personal injury action. We affirm.

¶ 2 We summarize the factual and procedural history of this case as follows. Palmer was involved in a motor vehicle accident in Beaver County on December 23, 1990. Palmer was scheduled to undergo back surgery on May 23, 1991 to correct injuries allegedly sustained in that accident. On May 22, 1991, however, Palmer was involved in a second motor vehicle accident in Allegheny County. Nevertheless, Palmer underwent her previously scheduled surgery. That surgery did not alleviate completely her neck and back pain. Palmer filed a Complaint in the Court of Common Pleas of Beaver County on May 4, 1993, seeking to recover for injuries allegedly resulting from the December 23, 1990 accident. Palmer also filed a Complaint in the Court of Common Pleas of Allegheny County on December 23, 1993, seeking to recover for injuries allegedly resulting from the May 22, 1991 accident.

¶ 3 Palmer then filed, pursuant to Rule 213.1 of the Pennsylvania Rules of Civil Procedure,[1] in the Court of Common Pleas of Beaver County, a Motion to Transfer and Coordinate the Allegheny County action with the Beaver County action. After a hearing, the Beaver County trial court issued an Order denying that Motion. Palmer filed a timely appeal from that Order to this Court, claiming that it was akin to one issued by a court declining to proceed in a case based on *forum non conveniens* and, thus, was an interlocutory Order appealable as of right under Pennsylvania Rule of Appellate Procedure 311(c).[2] In its Opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925, the Beaver County trial court disagreed, stating repeatedly its belief that its Order denying Palmer's Motion to Transfer and Coordinate was an interlocutory Order and, therefore, not appealable. *See* Beaver County Trial Court Opinion, 1/21/97, at 1–2. Our Court, relying on the Beaver County trial court's Opinion, quashed the appeal as interlocutory. *See Palmer v. Cardinale*, 704 A.2d 169, No. 46 Pittsburgh 1997, unpublished memorandum at 2 (Pa.Super. filed September 15, 1997). In particular, our Court determined that the Order denying Palmer's Motion to Transfer and Coordinate was "not a final order" (under Pennsylvania Rule of Appellate Procedure 341) because that Order did "not place[ ] [Palmer] out of court in either Beaver County or Allegheny County." *Id.*

¶ 4 The Allegheny County action was scheduled for trial in December 1997, prior to the time of commencement of trial in the Beaver County action.[3] Palmer requested a continuance of the Allegheny County action until the trial in the Beaver County action was completed, which request was denied by the trial court. In December 1997, a jury trial was held in the Allegheny County action. After trial, the jury returned a verdict in favor of Palmer in the amount of $30,250.00. The trial court also awarded Palmer delay damages in the amount of $9,226.25 and then mold-

---

1. Rule 213.1 provides in pertinent part as follows:

   In actions pending in different counties which involve a common question of law or fact, or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions.

   Pa.R.C.P. 213.1(a).

2. Rule 311(c) provides in pertinent part as follows: "An appeal may be taken as of right from an order in a civil action or proceeding ... declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles." Pa.R.A.P. 311(c).

3. The Beaver County action was scheduled for trial in May 1999.

ed the verdict to reflect a total award of $39,476.25. Palmer filed a timely post-trial Motion, alleging, *inter alia*, that the Allegheny County trial court erroneously denied her request for a continuance of the Allegheny County action and that, the Beaver County trial court erroneously denied her Motion to Transfer and Coordinate the Allegheny County action with the Beaver County action because her two actions contained common issues of law and fact. The Allegheny County trial court denied Palmer's Motion, concluding that the request for a continuance properly was denied and that, because the Motion to Transfer and Coordinate the two actions was presented to and ruled on by the Beaver County trial court, the Allegheny County trial court had no jurisdiction or authority to modify that ruling. Palmer then filed this timely appeal.

¶ 5 Palmer's sole issue on appeal is that the Beaver County trial court erred in denying the Motion to Transfer and Coordinate the Allegheny County action with the Beaver County action. Palmer's appeal, however, is from a judgment entered by the Court of Common Pleas of Allegheny County. Thus, in this appeal, we may review only actions taken by that court and cannot review an action of the Court of Common Pleas of Beaver County. We therefore are constrained to affirm the judgment of the Allegheny County trial court.

¶ 6 We note, however, that, because of the requirements in Rule 213.1 of the Pennsylvania Rules of Civil Procedure, the rules regarding appeals from interlocutory orders in the Pennsylvania Rules of Appellate Procedure, and the peculiar timing of the trials of Palmer's actions, Palmer effectively has been denied appellate review of the Beaver County trial court's denial of her Motion to Transfer and Coordinate. Palmer complied with the requirement of Pennsylvania Rule of Civil Procedure 213.1(a) by filing her Motion to Transfer and Coordinate in the Court of Common Pleas of Beaver County, the court in which she filed her first Complaint. *See* Pa. R.C.P. 213.1(a) ("In actions pending in different counties ..., any party ... may file a motion requesting the court in which a complaint was first filed to order coordination of the actions."). Immediately after the Beaver County trial court denied her Motion, Palmer sought review of the Order denying that Motion by appealing to our Court. At that time, however, Palmer could not obtain review. Palmer's appeal properly was quashed as interlocutory. *See Palmer v. Cardinale*, 704 A.2d 169, No. 46 Pittsburgh 1997, unpublished memorandum at 2.

¶ 7 After a judgment was entered in Palmer's Allegheny County action, which ended before trial commenced in the Beaver County action, Palmer again sought review in this appeal of the Order denying her Motion to Transfer and Coordinate. However, Palmer cannot obtain review of the Order at this time for the reasons stated previously. After a judgment is entered in Palmer's Beaver County action, she again may seek review in our Court of the Order denying her Motion to Transfer and Coordinate. At that time, however, her claim will be moot because there no longer exists an Allegheny action to consolidate with the Beaver County action. Thus, Palmer has been denied any review of her claim.

¶ 8 We are aware that there were methods other than the one that Palmer chose by which she could have sought appellate review of the Order denying her Motion to Transfer and Coordinate. In our opinion, however, all of those methods likely would have been futile. For example, Palmer could have sought to appeal the Order by permission pursuant to Pennsylvania Rule of Appellate Procedure 312. It would have been unlikely, however, based on a review of the Beaver County trial court's Opinion, that the Beaver County trial court would have amended the Order to include the required statement that the Order "involve[d] a controlling question of law as to which there is a

substantial ground for difference of opinion and that an immediate appeal from the [O]rder [would have] materially advance[d] the ultimate termination of the matter...." *See* Pa.R.A.P. 1312(a)(2). Indeed, we cannot conceive of a case in which a denial of a motion to coordinate actions would meet the requirements set forth in the Rules such that permission to appeal that denial would be granted.

¶ 9 Palmer also could have sought appellate review of the Order by attempting to show that it was a collateral order pursuant to Pennsylvania Rule of Appellate Procedure 313. Again, however, we believe that such an attempt would have been in vain. An order is appealable as of right as a collateral order only if it is "separable from and collateral to the main cause of action," and involves a right "too important to be denied review" and which will be "irreparably lost" if review is postponed. Pa.R.A.P. 313(b). Again, Palmer probably would not have been able to meet the requirements of Rule 313. If, for example, Palmer had attempted to appeal the denial of her Motion to Transfer and Coordinate under the collateral order doctrine, it is unlikely that our Court would have determined that that denial involved a right so important as to be "deeply rooted in public policy going beyond the particular litigation at hand." *See Geniviva v. Frisk*, 555 Pa. 589, 725 A.2d 1209, 1214 (1999). Moreover, at the time Palmer was required to appeal her Order, our Court could not have known that the Allegheny County action would terminate before commencement of the Beaver County action and, therefore, could not have known that review of that Order would be "irreparably lost." *See* Pa.R.A.P. 313(b).

¶ 10 Indeed, Palmer's problem may not be unique. Any party who seeks to coordinate actions filed in two counties but who completes a trial in the second-filed action before commencement of the first-filed action will have just such a problem. Thus, through absolutely no fault of her own and regardless of the compelling nature of the underlying claim, that party most likely would not obtain review of that claim. Because of the current construction of the Rules of Civil and Appellate Procedure, we can provide no remedy for that problem. Any such remedy must be provided by our Supreme Court.

¶ 11 Judgment affirmed.